IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. THORNTON, #Y19115,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-00124-SMY |
| | ) |
| **MAILROOM SUPERVISOR JOHN DOE** | ) |
| **and C/O JOHN DOE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Charles Thornton's Second Amended Complaint filed under 42 U.S.C. § 1983 for alleged interference with his outgoing legal mail resulting in the denial of his access to the courts. (Doc. 24). Section 1915A requires the Court to review prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A.

## Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 24, pp. 11-19): C/O John Doe and Mailroom Supervisor John Doe thwarted Plaintiff's efforts to challenge his conviction and sentence for home invasion and aggravated criminal sexual assault in Illinois state court when they delayed his outgoing legal mail. *Id*. at 11.

Plaintiff placed his original Petition for Post-Conviction Relief under 725 ILCS 5/122-1, *et seq*. ("original petition"), in a sealed envelope labeled "legal mail" and handed it to a gallery officer for mailing to the Circuit Court of Cook County on November 24, 2021. *Id*. The original

petition was filed on time and is not the subject of this action. *Id*.

Plaintiff then prepared an Amended and Supplemental Petition for Post-Conviction Relief ("amended petition") on February 8, 2022. He handed the document to an unknown gallery officer for delivery to the prison's mailroom and immediate processing by an unknown mail handler under the supervision of Mailroom Supervisor John Doe. *Id*. at 12-18. Plaintiff specifically asked that the document be sent to the Clerk of the Circuit Court of Cook County before a decision was made on his original petition on February 16, 2022. *Id*. at 18. Due to delays in outgoing mail, the amended petition did not arrive at the court until a week later on February 23, 2022. *Id*. at 19. Plaintiff's supplemental claims (summarized in the Second Amended Complaint) were deemed waived. *Id*. at 12-18. He blames this on mail delays caused by Defendants. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following non-parties in the statement of his claim: an unknown gallery officer who handled his original petition on November 24, 2021, an unknown gallery officer who handled his amended petition on February 8, 2022, and a mail handler who processed his amended petition sometime between February 8-23, 2022. He refers to them as "John Doe" in the statement of his claim but does not identify any particular one as a defendant in the case caption or list of defendants. Therefore, the Court will not treat any of these individuals as parties, and all claims against them are dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff names "C/O John Doe" as a defendant but does not refer to "C/O John Doe" in the statement of his claim. Although he may use a generic name for an unknown defendant, Plaintiff must make specific allegations against that person in the statement of his claim. Merely invoking the name of a potential defendant does not put the defendant on notice of which claims

are directed against him.  FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Therefore, Plaintiff cannot proceed with any claims against "C/O John Doe."

## Discussion

Based on the allegations in the Second Amended Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: First and/or Fourteenth Amendment claim against Mailroom Supervisor John Doe for interfering with Plaintiff's access to the courts by delaying his outgoing legal mail, *i.e.*, Illinois Amended and Supplemental Petition for Post-Conviction Relief, in February 2022.

Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff fails to state a claim against Mailroom Supervisor John Doe for interfering with his access to the courts by delaying his outgoing legal mail on one occasion.  To pursue this claim past screening, Plaintiff must plead facts suggesting that he suffered "some quantum of detriment" because of the defendant's conduct that "result[ed] in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).  Plaintiff's allegations do not suggest that his post-conviction case was interrupted or delayed by the misconduct of Mailroom Supervisor Doe.

Mailroom Supervisor Doe was named as a defendant based on his supervisory role in the prison's mailroom.  However, § 1983 liability is direct rather than vicarious, and supervisors are responsible for their own acts, not for failing to ensure that subordinates carry out their tasks correctly.  *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  "To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation."  *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).  In this

context, liability will only attach if the supervisor's "conduct causing the constitutional deprivation occur[red] at [his or her] direction or with [his or her] knowledge and consent." *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). In other words, allegations suggesting constitutional wrongdoing by the mailroom *handler* do not establish liability on the part of the mailroom *supervisor*, simply based on the supervisory role.

Even if Mailroom Supervisor Doe was the individual responsible for a delay in sending Plaintiff's legal mail, a one-time delay was, at most, negligence. Mere negligence is not enough to support this constitutional claim at screening. *Ray v. Wyciskalla*, 461 F. App'x 507, 508–09 (7th Cir. 2012); *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). The Second Amended Complaint does not survive screening under 28 U.S.C. § 1915A. As such, it will be dismissed for failure to state a claim for relief against the defendants. Because further amendment would be futile, the dismissal will be with prejudice.

## Disposition

The Second Amended Complaint (Doc. 24) is **DISMISSED** with prejudice because it fails to state a claim upon which relief may be granted. This dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If he wishes to appeal this Order, Plaintiff must file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. CIV. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(b); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal IFP must set forth the issues he plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur another strike under 28 U.S.C. § 1915(g).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

DATED:   February 24, 2025            *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**